UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN O'NEAL,<br><br>            Plaintiff,<br><br>     v.<br><br>MERCY HOUSING, et al.,<br><br>            Defendants. | No.  2:15-cv-0771 TLN CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff is proceeding in this action pro se and in forma pauperis.  Plaintiff has filed a second amended complaint.

   The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

   A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

/////

1    In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In this action, plaintiff alleges a variety of claims against Mercy Housing, private individuals and the National Security Agency. Many, if not all, of plaintiff's allegations are incomprehensible. For instance, plaintiff complains about a "Government Conspiracy" involving people sticking out their tongues at him making "Lap Dog Faces," electric shocks to his body and sleep deprivation by electrocution in the middle of the night with a satellite carrier wave that has been going on for over twenty years. Second Amended Complaint at 2:11-18. Such claims are implausible on their face.

Plaintiff was previously advised of the standards for stating a claim under 42 U.S.C. § 1983. The second amended complaint does not cure the pleading deficiencies evident in the original complaint or the first amended complaint. Plaintiff fails to demonstrate how the conduct of each defendant resulted in a deprivation of plaintiffs' federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

Plaintiff has now filed three complaints in this action. Plaintiff has been advised of the standards for stating a claim under 42 U.S.C. § 1983. Like the prior complaints which contained only vague and conclusory allegations, the second amended complaint still fails to state a claim. Despite repeated opportunities to cure the deficiencies in his complaints, plaintiff has failed to do

2

so. Moreover, it appears that further amendment would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 23, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 oneal0771.57